IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMES F.,[1]  )
      )
   Plaintiff,  )
      )
   v.  )   Civil Action No. 7:17-cv-000141
      )
NANCY A. BERRYHILL, Acting  )   By: Elizabeth K. Dillon
   Commissioner of Social Security,  )       United States District Judge
      )
   Defendant.  )

**MEMORANDUM OPINION**

Plaintiff James F. brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying his claim for supplemental security income (SSI) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 21.)

James timely filed written objections (Dkt. No. 22). After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the commissioner's decision.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R. & R. 2–3, Dkt. No. 21.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. James' Objections**

Most of the arguments contained in James's objections are the type of "rehashed objections" that the *Heffner* and *Felton* courts concluded could be rejected. *See id.* That is, he made the same arguments in his summary judgment briefing before the magistrate judge. One of the arguments in his first objection, however, was made before the magistrate judge (albeit briefly and buried in other arguments in James's brief (Pl.'s Mem. Supp. Mot. Summ. J. 19, Dkt. No. 15)), but it was not directly addressed by the magistrate judge. Because the report fails to address it and because James notes that failure in his objections (Pl.'s Objs. 4–5, Dkt. No. 22), that objection is reviewed de novo and discussed in more detail herein.

In his first objection, James contends that the ALJ's discussion of his mental limitations did not satisfy the requirements of SSR 96-8p and, in particular, that the report erred in "finding

3

that substantial evidence supports the ALJ's decision that despite his limitations in concentration, persistence or pace, plaintiff is capable of understanding, remembering, and carrying out simple instructions in repetitive unskilled work involving only occasional interaction with the general public." (Pl.'s Objs. 1.) Specifically, he argues that the ALJ's determination of his residual functional capacity (RFC) fails to account adequately for Dr. Leen's opinion and the opinions of both state agency physicians, to which the ALJ said she was assigning significant weight. There are really two sub-parts to this objection.

In the first sub-part, James challenges the ALJ's rejection of a portion of an opinion from De. Leen, an examining medical source, in which Dr. Leen opined that James needed a "well-structured and supportive employment setting." (R. 22–23.) This sub-part of James's first objection is simply a rehashing of his prior arguments before the magistrate judge, and the court could reject the objection on that basis alone. (*Compare* Pl.'s Objs. 1–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 12–20.)

Even considering it de novo, the court concludes that the ALJ carefully evaluated which portions of Dr. Leen's opinion to adopt and which to reject. Specifically, the ALJ rejected that part of his opinion on the grounds that the described "setting" was "undefined" and also because it was inconsistent with the medical evidence. (R. 23.) The ALJ gave specific reasons for rejecting that portion of the opinion, as the report notes, (R. & R. 13-14, Dkt. No. 21). The ALJ further found, moreover, that the medical evidence supported Dr. Leen's statement that the claimant would have difficulty dealing with the public. And it appears that the ALJ accounted both for Dr. Leen's statement regarding James's difficulties in dealing with the public and for James's need for an environment with "low social demands" by including in the RFC that he be

4

limited to simple instructions in repetitive, unskilled work involving only "occasional interaction with the general public."

The report specifically acknowledges that James raised the issue of Dr. Leen's opinions but finds that "the ALJ provided sound reasoning to support her decision to reject this particular finding by Dr. Leen, and [James'] arguments simply disagree with the ALJ's conclusion." (R. & R. 13–14.) Also, as noted by the report, "the ALJ's narrative discussion considering the medical opinions, [James's] testimony, and evidence of mental impairment satisfied the requirements of SSR 96-8p." (*Id.* at 4–5.)

James has not presented anything that calls into question that conclusion. Reviewing that issue de novo, then, this court agrees with the magistrate judge's conclusion.

In the second sub-part of his first objection, James challenges the ALJ's failure to account in the RFC for his "moderate limitations in social interaction" and, in particular, the ALJ's alleged failure to incorporate the opinions of two state agency physicians, Dr. Leizer and Dr. Milan, that James required a work setting with "low social demands." (R. 66 (Dr. Milan); R. 82 (Dr. Leizer).) The ALJ noted this portion of their opinions, and she assigns their opinions "significant weight." (R. 22.) Nonetheless, the only related limitation in the RFC was that James required a job with only "occasional interaction with the general public." The RFC contains no limitations on interactions with co-workers or supervisors. Because of this, James contends that the ALJ failed to account for these opinions or to explain why she was not incorporating the "low social demands" restriction into the RFC.

First of all, to the extent James complains that the ALJ failed even to note the opinions from Drs. Milan and Leizer that James needed an environment with low social demands (Pl.'s

5

Objs. 2), he is incorrect. The ALJ's opinion expressly notes that those physicians had opined that "[a] setting with low social demands" would be appropriate. (R. 22.)

But James argues:

> The ALJ did not discuss her reasoning behind finding that plaintiff's moderate limitations in social functioning equate to occasional interaction with the general public. (R. 14, 22–23.) The state agency physicians found plaintiff requires a setting with low social demands (R. 66, 82). It is not clear that a limitation to occasional interaction with the public accommodates this limitation or what the ALJ found to be a moderate limitation in social functioning. (R. 14.) The Report and Recommendation did not address the ALJ's assessment of plaintiff's moderate limitations in social functioning. The ALJ's assessment of plaintiff's moderate limitation in social functioning is not supported by substantial evidence as the ALJ does not provide an explanation as to how plaintiff's moderate limitations in social functioning are accommodated by a limitation to occasional interaction with the general public.

(Pl.'s Objs. 4–5.)

While the ALJ did not explicitly address how the RFC accounted for those opinions, a review of the opinions themselves shows that the RFC fully accounts for those opinions regarding James's social limitations, and thus the ALJ's decision allows for meaningful review by this court. In a general sense, it may be true that a setting with low social demands could require limitations as to social interactions with co-workers and/or supervisors. But the opinions of both Dr. Milan and Dr. Leizer make clear that James does not have limitations in those areas. Specifically, when discussing social limitations, they both opine that he is "moderately limited" in his "ability to act appropriately with the general public," but that he is "not significantly limited" in either his "ability to accept instructions and respond appropriately to criticism from supervisors" or his "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (R. 65, 82.) Thus, the ALJ fully accounted for the specific

6

limitations in their opinions when she included in James's RFC a restriction to only "occasional interaction with the public."

Accordingly, the court concludes that substantial evidence supports the ALJ's determination of James's RFC and her ultimate conclusion that he is not disabled. For these reasons, the court adopts the reasoning of the report and overrules the objection.

In his second objection, James argues that the ALJ erred in not including a limitation in the RFC to account for the frequency with which he will need to change positions and take breaks. (Pl.'s Objs. 5.) He thus again contends that the ALJ failed to comply with SSR 96-8p. However, James raised both of these points before the magistrate judge. (*Compare* Pl.'s Objs. 5–6 *with* Pl.'s Mem. Supp. Mot. Summ. J. 21–22.) And as the report correctly notes, the ALJ "discussed [James'] ability to perform sustained work activities on a daily basis and described the amount of each activity he could perform based on the evidence in the case" in order to arrive at her conclusions. (R. & R. 16.) The court agrees that the ALJ's determination is supported by substantial evidence.

In his third objection, James argues that the ALJ's credibility determination was not supported by substantial evidence. James presented this argument to the magistrate judge (*compare* Pl.'s Objs. 6–7 *with* Pl.'s Mem. Supp. Mot. Summ. J. 23–24), and the magistrate judge adequately reviewed the ALJ's reasons for her credibility determination and explained why the ALJ's ruling was supported by substantial evidence. (R. & R. 16–19.) The report notes, in particular, that James's credibility was "weakened by inconsistencies between the extent of his allegations and the objective medical evidence, which pertains mostly to back complaints," (*id.* at 18 (quoting R. 23)), and that "the ALJ's opinion includes a detailed consideration of [James's] medical history along with [James's] own allegations," (*id.* at 19). The report also correctly

notes the well-established principle that a reviewing court should not interfere with an ALJ's credibility assessment where there is evidence in the record to support the ALJ's conclusions. (*Id.* at 19 (citing *Shively v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984)).) Reviewing this issue de novo, the court reaches the same conclusion as the magistrate judge, and for the same reasons. Accordingly, this objection is also overruled.

### III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule James's objections and adopt the magistrate judge's recommendation. The court will therefore grant the commissioner's motion for summary judgment and deny James's motion for summary judgment.

An appropriate order will be entered.

Entered: September 26, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge